PHILLIP A. TALBERT
United States Attorney
JOSEPH BARTON
ROBERT VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN MARTIN,<br><br>　　　　　　　　Defendant. | CASE NO. 1:21-CR-00228-JLT-BAM<br><br>GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S FORMAL OBJECTIONS TO PSR |

### I.  Introduction

The defendant, Benjamin Martin, is being sentenced in this case following his conviction for illegally possessing multiple firearms and ammunition that were found in his safe in the garage of his house. This is his second federal conviction within the past few months as he was previously convicted of breaching the United States Capitol during the January 6, 2021, riot. It is the culmination of a pattern of increasingly violent behavior that Mr. Martin has displayed over the past several years where he has lashed out at both his family and the public generally. He has also obstructed justice in both of his federal cases. As a result, Mr. Martin faces a guideline sentence of 57 to 71 months in prison. The government recommends that he receive 66 months in prison and three years of supervised release, and that he be remanded into custody at the sentencing hearing.

II.    **Martin's history of violence, firearms, and deceit**

Over the last nine years, Mr. Martin has been convicted of child abuse, domestic violence, and breaching the United States Capitol, and he has had restraining orders issued against him by both his sister and a local supermarket. He was then convicted of illegally possessing multiple firearms in this case. The firearms that Mr. Martin illegally possessed included an AR-15 assault rifle with high-capacity magazines that were loaded. The high-capacity magazines are shown below:



Mr. Martin's specific plans for the firearms and ammunition are unknown.

Mr. Martin has also obstructed justice in this case and his Capitol breach case. He obstructed justice in this case by instructing his fiancée to lie and say that the firearms found in his safe belonged to her and her father and that he did not know about the firearms. He then obstructed justice in the Capitol breach case by falsely testifying at trial that he was just trying to help people at the Capitol and that he did not see signs restricting access to the building. The government will provide supporting court records showing that the obstruction of justice enhancement was found to apply in the Capitol breach case upon request.

///

///

### III. Lack of mitigating factors

There is no excuse for Mr. Martin's misconduct. He had a good upbringing, received a college degree, and appears to have had a successful career in real estate. Mr. Martin asserts that he was bullied and that he had inappropriate encounters with a couple of teachers while he was in grade school, and that these experiences help to explain his misconduct. The government disagrees. Mr. Martin's assertion is not supported by any evidence other than his own statements, which cannot be trusted because he has obstructed justice in his two federal cases and therefore lacks credibility. In any case, Mr. Martin seemingly overcame these experiences by the time he started high school and the government does not see how the experiences caused him to hurt other people, engage in domestic terrorism, and illegally possess firearms approximately 25 years later when he was in his 30s and 40s. The Probation Office agrees with the government and has not found any mitigating factors that justify a variance or departure from Mr. Martin's sentencing guideline range.

### IV. Response to Martin's formal objections to the PSR

Mr. Martin's formal objections to the Presentence Investigation Report ("PSR") are without merit. Mr. Martin's objection to the base offense level calculation is contrary to precedent, which he readily admits. His objection to the obstruction of justice enhancement is also contrary to precedent. Case law holds that the enhancement applies whenever a defendant attempts to influence a witness to testify untruthfully. This is exactly what Mr. Martin did here with his fiancée and it is all that is required for the enhancement to apply. See, *e.g.*, *United States v. Phillips*, 367 F.3d 846, 859 (9th Cir. 2004). Moreover, Mr. Martin's assertion that he only asked his fiancée to lie to his defense counsel is nonsensical. There would be no point in a defendant asking a witness to lie to his defense counsel if the defendant did not intend for that witness to lie to authorities or the court as well.

Finally, Mr. Martin's objection to the enhancement for unlawfully possessing eight or more firearms is inconsistent with the evidence. Mr. Martin asserts that of the eight firearms that were found piled on top of each other in his safe, he only possessed three of the firearms. Mr. Martin maintains that he did not know about the remaining firearms, which included a Mossberg shotgun, because those firearms belonged to his fiancée's father and he was unaware that those firearms had been put into the safe. As the Probation Office points out in the PSR, however, when FBI agents initially arrested Mr.

Martin he told them that the safe contained his fiancée's father's firearms and his fingerprints were found on the Mossberg. *See* PSR at ¶ 7, 8. His fiancée's father also stated in one of the declarations that he submitted to the Court in preparation for Mr. Martin's sentencing that, when he put the firearms into the safe, the firearms were in carrying cases. *See* Dkt. 117-1 at Pg. 9 ("My daughter opened the safe for me and I deposited my firearms in the firearms cases into the safe."). But, when FBI agents searched the safe, the Mossberg shotgun was found out of its carrying case. This shows that someone accessed the shotgun after it had been put into the safe:



Moreover, Mr. Martin's fiancée was captured on a recorded jail call with Mr. Martin shortly after his arrest where she stated that she did not know there were any firearms in the safe. This undercuts the fiancées' father's statement that his daughter opened the safe for him so he could put the firearms in there. *Id.*; *see also* PSR at ¶ 11. These facts show Mr. Martin knowingly possessed all eight firearms.

    V.    **Conclusion and request for remand**

For these reasons, Mr. Martin should be sentenced to 66 months in prison and three years of supervised release. He should also be remanded into custody at the sentencing hearing because he

cannot meet his burden to show by clear and convincing evidence that he does not pose a danger to others or a flight risk. 18 U.S.C. § 3143(a)(1) ("… the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, … be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community …").  This is especially so given that he has now received obstruction of justice enhancements in two federal cases, including his recent perjury in the Capitol breach case while being on supervised release in this case.  Mr. Martin simply cannot be trusted to follow court orders.

Dated:  November 20, 2024

PHILLIP A. TALBERT
United States Attorney

By: */s/ Joseph Barton*
Joseph Barton
Robert Veneman-Hughes
Assistant United States Attorneys